EMILIO M. GARZA, Circuit Judge,
dissenting:
The majority rejects Dr. Gaar’s claim of immunity because at the time that Dr. Gaar gave his opinions, he was “unaware that his opinions would be used in an adjudicatory proceeding” and because “no such proceeding was pending, scheduled, or even contemplated.” See ante at 976. In denying his claim for witness immunity, the majority incorrectly focuses on what Dr. Gaar thought at the time that he rendered his opinions. Dr. Gaar’s mental state at that time and his corresponding medical opinion had no legal effect until Gray and the Department of Labor (“DOL”) used his medical opinion (ie., Gray terminated Quirk’s benefits and the DOL rejected Quirk’s claim to further workers’ compensation). It was this use of Dr. Gaar’s opinion that provided the basis for Quirk’s medical malpractice claim. Because the use of Dr. Gaar’s medical opinion occurred in “an adjudication within a federal administrative agency,”[1] he is entitled to immunity for his medical opinion. Accordingly, I respectfully dissent.

. The DOL informal conference shares enough of the characteristics of the judicial process to constitute "an adjudication within a federal administrative agency." Butz v. Economou, 438 U.S. 478, 512-13, 98 S.Ct. 2894, 2913-14, 57 L.Ed.2d 895 (1978).